# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PAUL A. LEE,**

      **Plaintiff,**

**v.**                                                                          **Civil No. 5:10cv16**
                                                                             **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

      **Defendant.**

## REPORT AND RECOMMENDATION

On February 8, 2010, the plaintiff initiated this case by filing a complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq. In the complaint, plaintiff alleges that employees of the Federal Bureau of Prisons ("BOP") violated his Eighth Amendment rights by failing to supply ladders for the top bunks in the Special Housing Unit ("SHU") at FCI Elkton. The plaintiff was no longer incarcerated at the time he filed this complaint and was living in Wheeling, West Virginia. On February 9, 2010, the plaintiff was granted leave to proceed *in forma pauperis*, and the Clerk was directed to issue a Summons. On May 12, 2010, the United States of America filed an answer to the complaint, and on June 10, 2010, the United States filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment. On June 11, 2010, a Roseboro Notice was issued, and the plaintiff filed a responsive pleading on June 16, 2010.

## I. The Complaint

In the complaint, plaintiff alleges that on May 25, 2009, while incarcerated at FCI-Elkton, he fell off the top bunk trying to get down and twisted his left ankle in the process. He seeks $25,000 in compensation for the negligence of the BOP employees. In addition, the plaintiff contends that because his administrative tort claim was not adjudicated within six months of filing, he is entitled to his compensation by default.

## II.  The Response to the Complaint

In response to the complaint, the United States has filed a Motion to Dismiss or, alternatively, Motion for Summary Judgment.  As grounds therefore, the United States asserts that the conduct challenged in the plaintiff's tort claim is protected by the discretionary function exception, and therefore, the court lacks subject matter jurisdiction.  Additionally, the United States argues that it has not waived its immunity from suit based upon its agency's failure to adjudicate the plaintiff's administrative tort claim within six months.  Finally, to the extent that this Court construes the plaintiff's complaint as raising an Eight Amendment claim, the United States responds that it has not waived its sovereign immunity under the FTCA for federal constitutional deprivations or violations.

## III.  The Plaintiff's Reply

In reply, the plaintiff alleges that he had a bottom bunk slip issued on May 4, 2001, and therefore, the employees at FCI Elkton should not have placed him in a top bunk in the SHU.  The plaintiff argues that once the United States was put on notice that he had a bottom bunk slip, it waived its sovereign immunity under the FTCA for claims of a federal constitutional deprivation or violation.  Finally, the plaintiff again argues that the United States lost its immunity claim based on its agency's failure to finally adjudicate his Administrative Tort Claim within six months.

## IV.  Standard of Review

### A.  Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to

dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the

plausibility standard and survive dismissal for failure to state a claim. Id.

**B. <u>Summary Judgment</u>**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. <u>Anderson v. liberty lobby, Inc.</u>, 477 U.S. 242, 248 *1986).

In <u>Celotex</u>, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. <u>Celotex</u> at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita Electric Industrial Co. V. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. <u>Id</u>. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u> at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Id.</u> at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." <u>Id</u>. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir

1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

## V. Analysis

### A. Discretionary Exception

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

The FTCA includes specific, enumerated exceptions in 28 U.S.C. § 2680. If an exception applies, the United States may not be sued, and litigation based upon an exempt claim is at an end. Smith v. United States, 507 U.S. 197 (1993); Dalehite, supra. Among the exceptions to the FTCA most frequently applied is "discretionary function". The discretionary function exception precludes governmental liability for"[a]ny claim based upon ... the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The discretionary function exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). Congress believed that imposing liability on the government for

its employees' discretionary acts "would seriously handicap efficient governmental operations." Id. at 814 (internal citations and quotations omitted).

The United States Supreme Court has announced a two-step test for determining whether the discretionary function exception bars suit against the United States in a given case. First, the Court must consider the nature of the conduct and determine whether it involves "an element of judgment or choice." United States v. Gaubert, 499 U.S. 315, 322 (1991). Government conduct does not involve an element of judgment or choice and is not discretionary, if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive." Id. at 322 (internal citations and quotations omitted). If, the conduct in question involves the exercise of judgment or choice, the second step of the analysis is to determine whether that judgment is grounded in considerations of public policy. "[T]he purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Id. at 323.

With regard to the first prong of the test, the United States has submitted the Declaration of J.T. Shartle ("Shartle"), Warden at FCI Elkton at all times relevant to this action. In his Declaration, Shartle notes that there are no BOP rules, regulations, or policies that govern the use of ladders or bunks in the SHU. Instead, such decisions are made independently by the administration of each institution. (Doc. 19-1, p. 2). Therefore, Shartle was left to exercise his own discretion to determine whether ladders should be provided for the bunk beds in the SHU at FCI Elkton. In his discretion, Shartle chose not to add ladders for safety and security reasons. According to Shartle:

> If a ladder is welded to a bed, it creates a serious impediment during a forced cell move of an inmate. Moreover, free standing ladders cannot be used because the inmates can use them as weapons, or they can break the ladders apart and use the pieces as weapons or escape devices.

(Doc. 19-1, p. 2).

Therefore, Shartle's decision not to add ladders to the bunk beds in the SHU clearly involved an "element of judgment or choice," because there was no federal statute, regulation, or policy specifically prescribing a course of action for him to follow. As a result, the first prong of the test is satisfied, and the Court must next determine whether Shartle's judgment was the kind Congress intended to shield from liability.

Clearly, Shartle's decision not to add ladders to the bunk beds in the SHU at FCI Elkton was based on prison and inmate safety, which is exactly the type of policy decision that is protected by the discretionary function exception. See Whitley v. Albers, 475 U.S. 312, 231-22 (1986) ("prison administrators...should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security"); Rhodes v. Chapman, 452 U.S. 337, 349 n. 14 (1981) ("a prison's internal security is peculiarly a matter normally left to the discretion of the prison administrators"). Therefore, the undersigned finds that the second prong of the test is satisfied, and summary judgment should be awarded to the defendant with regard to the plaintiff's claim that BOP staff was negligent in failing to provide ladders for the bunks beds in the SHU at FCI Elkton, because this Court lacks subject matter jurisdiction over this claim pursuant to the FTCA's discretionary function exception. **B. Failure to Adjudicate the Administrative Tort Claim Within Six Months**

The plaintiff maintains that he is entitled to relief based on the BOP's failure to adjudicate his administrative tort claim within six months from the date they received it. Clearly, this is not the case.

The disposition of a tort claim by a federal agency is a prerequisite to initiating suit in the district court. 28 U.S.C. § 2675. Section 2675(a) states:

> [a]n action shall not be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of . . . employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.

Accordingly, the plain language of this provision establishes that the failure of the Federal agency, in this case the BOP, to adjudicate the plaintiff's claim with six months, does not waive sovereign immunity so as to enable the plaintiff to receive a monetary judgment in the amount sought in his administrative claim. Rather, in the event that the agency has not made a final determination of a claim after six months, § 2675(a) permits a claimant, at his option, to deem the claim finally denied and to commence a civil action in federal court. Accordingly, by filing his claim with this Court after the passage of the six month period, the plaintiff received the intended benefit of § 2675(a): his claim was considered exhausted, allowing this Court to consider the merits of his underlying tort claim.

## C. Deprivation of a Federal Constitutional Right

In his complaint, the plaintiff alleges that he "file his tort claim alleged Eight Amendment violation of employee of the Federal Bureau of Prisons. For not suppling "ladders" for top bunks in Special Housing Unit (SHU)." (Doc. 1, pg. 1). Accordingly, the plaintiff appears to be asserting a constitutional violation as a basis for his tort claim. However, the United States has not waived its sovereign immunity under the FTCA for claims of a federal constitutional deprivation or violation. Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001) (citing and quoting FDIC v. Meyer, 510 U.S. 471, 477-78 (1994)). Therefore, this Court lacks jurisdiction to consider the plaintiff's FTCA to the extent that he raising an Eighth Amendment violation.

**D. Low Bunk Pass**

In response to the Roseboro Notice, the plaintiff alleges that he had a bottom bunk slip and informed staff in the SHU of the same. The plaintiff maintains that because he had the necessary documents establishing the low bunk pass when he was placed in the SHU, he should never have been placed in the upper bunk. (Doc. 22, p. 2).

Pursuant to the provisions of the FTCA, the administrative process must be fully exhausted before FTCA claims may be brought in an action in federal court. 28 U.S.C. § 2675(a). Administrative exhaustion under the FTCA requires an inmate to submit written notification of the incident-accompanied by a sum certain claim for monetary damages-to the federal agency responsible for the activities giving rise to the claim. See 28 C.F.R. § 14.2 (a) and (b)(1). A claim is deemed presented "when a federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). Further, the statutory purpose of requiring an administrative claim is satisfied so long as a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability. Therefore, a plaintiff cannot "present one claim to the agency and then maintain suit on the basis of a different set of facts." Dundon v. United States, 559 F.Supp. 469, 476 (E.D.N.Y. 1983).

A review of plaintiffs' administrative tort claim (Doc. 1-2) and his letter seeking to amend the claim (Doc. 1-5), clearly shows that he alleged virtually the same set of facts as in the instant complaint. It is pertinent to note that in neither document did he raise the issue of a low bunk pass, but instead, only complains of the lack of ladders.

Plaintiff has clearly met the notice and value requirements of § 2675(a) as to his claims that

the BOP negligently failed to provide ladders for the upper bunks in the SHU. The plaintiff executed a Standard Form 95 alleging those grounds on May 29, 2009, accompanied by a claim for damages in a sum certain. The plaintiffs' claim was timely filed with the appropriate federal agency. However, no where in plaintiffs' administrative remedy did he allege that staff was negligent for assigning him to an upper bunk when he had a low bunk pass. Furthermore, it appears that claim is separate and distinct from the claim raised in plaintiff's administrative tort claim. Thus, that claim was not discernable from the claim actually submitted, and the BOP was not on notice that plaintiff was seeking damages for placing him in an upper bunk instead of a lower bunk. Therefore, the plaintiff's claim that Bureau staff was negligent for assigning him to an upper bunk, is not exhausted and should be dismissed with prejudice.

Normally, claims that are not exhausted are dismissed without prejudice to the plaintiff's right to re-file those claims after proper exhaustion has been completed. However, FTCA claims are subject to a statute of limitations. See 28 U.S.C. § 2401 ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues."). Here, plaintiff alleges that he fell on May 28, 2008. Therefore, plaintiff's claim that Bureau staff was negligent for assigning him to an upper bunk when he had a lower bunk pass. Because plaintiff cannot now raise that issue in the administrative remedy process, any subsequent claim regarding that issue will be barred in this Court. Thus, the claim should be dismissed with prejudice.

## VI. Recommendation

For the reasons set forth in this Order, it is recommended that the defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment (Doc. 18) be **GRANTED** and this case

be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last know address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 3, 2010

  /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE