```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

PAUL A. LEE,

    Plaintiff,

v.                                                    Civil Action No. 5:10CV16
                                                              (STAMP)

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  <u>Procedural History</u>

The plaintiff initiated this case by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, <u>et seq.</u> alleging that employees of the Federal Bureau of Prisons ("BOP") violated his Eight Amendment rights by failing to supply ladders for the top bunks in the Special Housing Unit ("SHU") of Federal Correctional Institution-Elkton ("FCI-Elkton"). At the time the plaintiff filed his complaint he was no longer incarcerated, but was living in Wheeling, West Virginia. The plaintiff was granted leave to proceed in forma pauperis and the Clerk was directed to issue a summons. The United States filed an answer to the complaint, followed by a motion to dismiss or, alternatively, motion for summary judgment. A <u>Roseboro</u> notice was issued and the plaintiff filed a responsive pleading on June 16, 2010.

II. Facts

In the complaint, the plaintiff alleges that on May 25, 2008, while incarcerated at FCI-Elkton, he fell off the top bunk while trying to get down and twisted his left ankle.[1] (Pl.'s Compl. 1; Pl.'s Resp. to Def.'s Answer ¶ 2.) The plaintiff seeks relief in the amount of $25,000.00 to compensate him for the negligence of the BOP employees. Additionally, the plaintiff contends that because his administrative tort claim was not adjudicated within six months of filing, he is entitled to compensation by default.

In response to the complaint, the United States filed a motion to dismiss or, alternatively, motion for summary judgment. In support of this motion, the United States argues: (1) because the conduct challenged in the plaintiff's tort claim is protected by the discretionary function exception, the court lacks subject matter jurisdiction and the claim should be dismissed; (2) as sovereign, the United States has not waived its immunity from suit based upon its agency not finally adjudicating the plaintiff's administrative tort claim within six months; and (3) the United States has not waived its immunity for the plaintiff's claims alleging deprivation of a federal constitutional right.

The plaintiff filed a reply in which he argues that because the Health Service Administrator issued him a bottom bunk slip on

---

[1] In his complaint, the plaintiff alleges that his fall took place on May 25, 2009. However, in his response to the defendant's answer, the plaintiff clarifies that the date of the accident was May 25, 2008.

May 4, 2001, the employees at FCI-Elkton should not have placed him in a top bunk in the SHU.  According to the plaintiff, once the United States was put on notice that he had received a bottom bunk slip, it waived its sovereign immunity under the FTCA for claims of a federal constitutional deprivation or violation.  The plaintiff also reiterates his argument that the United States lost its immunity claim based upon its agency's failure to finally adjudicate his Administrative Tort Claim within six months.

This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.  On September 3, 2010, the magistrate judge issued a report and recommendation recommending that the defendant's motion to dismiss, or alternatively, motion for summary judgment be granted and the case be dismissed with prejudice.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's recommendation.  Neither party filed objections.  For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

III. <u>Applicable Law</u>

A. <u>Review of the Report and Recommendation</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Because the parties did not file any objections, this Court reviews the report and recommendation for clear error.

B. <u>Standard of Review for Motion to Dismiss</u>[2]

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the fundamental question of whether a court is permitted to adjudicate the claims brought before it. The burden of proving subject matter jurisdiction on a motion to dismiss pursuant to Rule 12(b)(1) is on the plaintiff, the party asserting jurisdiction. See <u>Richmond, Fredericksburg & Potomac R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule

---

[2]The report and recommendation of the magistrate judge describes the standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). However, the defendant cites Federal Rule of Civil Procedure 12(b)(1) in support of its motion to dismiss or, alternatively, motion for summary judgment. This Court reviews the report and recommendation according to the standard of review for a Rule 12(b)(1) motion to dismiss. However, since this Court decides this matter on a summary judgment analysis, this distinction is not significant.

4

12(b)(1), "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

In ruling on a Rule 12(b)(1) motion, a court must apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material facts exists. Id. If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. See Fed. R. Civ. P. 12(h)(3).

C. <u>Standard of Review for Motion for Summary Judgment</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come

5

forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed -- whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (stating that summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most

favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

IV. Discussion

A. Discretionary Function Exception to the FTCA

The FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). The FTCA also "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). The United States cannot be sued, however, unless Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953).

Pursuant to 28 U.S.C. § 2680(a), the United States general waiver of sovereign immunity under 28 U.S.C. § 1346(b) does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

This exception, referred to as the discretionary function exception, "insulates the United States from liability for its agents and employees' performance of duties involving discretionary decisions." Williams v. United States, 50 F.3d 299, 308 (4th Cir. 1995). The purpose of the exception is to "prevent judicial

'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814 (1984).

The magistrate judge found that, to the extent the plaintiff argues that the defendant was negligent for failing to add ladders to the bunk beds in the SHU, that type of policy decision falls within the discretionary function exception of the FTCA. The magistrate judge followed the rules set forth in Williams, 50 F.3d at 299, to determine whether or not the discretionary function applies by first deciding whether the conduct at issue involved an element of discretion or judgement of choice. See also United States v. Gaubert, 499 U.S. 315, 322 (1991). "If a statute or regulation mandates a certain course of action, there is no element of discretion." Branch v. United States, No. 2:05cv423, 2006 WL 1770995, at *3 (E.D. Va. June 22, 2006) (citing Hawes v. United States, 409 F.3d 213, 216 (4th Cir. 2005)).

In determining whether the conduct at issue involved discretion or judgment, the magistrate judge relied on the Declaration of J.T. Shartle ("Shartle"), Warden at FCI-Elkton, who noted that there are no BOP rules, regulations, or policies governing the use of ladders or bunks in the SHU. Rather, Shartle indicates that these decisions are made independently by the administrators of each institution. Shartle exercised his own

discretion in choosing not to add ladders to the bunk beds in the SHU for safety and security reasons. The magistrate judge determined that Shartle's decision clearly involved "an element of judgment or choice," and as a result, this first inquiry under Williams is satisfied.

Since the magistrate judge found that the BOP had discretion to decide whether or not to supply ladders to top bunks in the SHU, the magistrate judge then had to determine whether the BOP's decision was "based on considerations of public policy." Williams, 50 F.3d at 309. As stated in Variq Airlines, 467 U.S. at 813, it is "the nature of the conduct, rather than the status of its actor, that governs whether the discretionary function exception applies in a given case." Shartle's decision not to add ladders to the bunk beds in the SHU was based upon his concerns regarding prison and inmate safety, and the magistrate judge found that this is exactly the type of policy decision that is protected by the discretionary function exception. See Whitley v. Albers, 475 U.S. 312, 321-22 (1986) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.") (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)); Williams v. Benjamin, 77 F.3d 756, 765 (4th Cir. 1996). Therefore, the magistrate judge concluded that the second Williams inquiry is satisfied.

This Court finds that the discretionary function exception applies and that valid safety and security reasons exist for the BOP's decision to refuse to install ladders on the bunk beds in the SHU. Because this Court lacks subject matter jurisdiction over this claim pursuant to the FTCA's discretionary function exception, summary judgment should be granted to the defendant with regard to the plaintiff's claim that BOP staff was negligent in failing to provide ladders.

B. <u>Failure to Adjudicate the Administrative Tort Claim Within Six Months</u>

The final disposition of a tort claim by a federal agency is a prerequisite to initiating suit in the district court. 28 U.S.C. § 2675. The plain language of § 2675(a) makes no mention of a waiver of sovereign immunity following the failure of a federal agency to adjudicate a plaintiff's claim within six months. Rather, the statute provides that in the event that the agency has not made a final determination of a claim after six months, § 2675(a) permits the claimant to deem the claim finally denied and commence a civil action in federal court. The magistrate judge concluded, and this Court agrees, that by filing his claim with this Court after six months had passed, the plaintiff received the intended benefit of § 2675(a) -- his claim was considered exhausted, allowing this Court to consider the merits of his underlying tort claim.

C. <u>Deprivation of a Federal Constitutional Right</u>

In his complaint, the plaintiff also alleges an Eighth Amendment violation resulting from the BOP employees' failure to supply ladders for the top bunks in the SHU. The magistrate judge noted that the United States has not waived its sovereign immunity under the FTCA for claims of a federal constitutional deprivation or violation. <u>Williams v. United States</u>, 242 F.3d 169, 175 (4th Cir. 2001) (finding that the United States has not rendered itself liable under the FTCA for constitutional tort claims). For this reason, the magistrate judge concluded that this Court lacks jurisdiction to consider the plaintiff's FTCA claims to the extent that he raises an Eighth Amendment violation.

D. <u>Waiver of Sovereign Immunity for Failure to Act Upon the "Bottom Bunk Slip"</u>

In his responsive motion, the plaintiff argues that the United States waived its sovereign immunity under the FTCA when BOP employees placed him in a top bunk in the SHU, despite having been put on notice that he had been issued a bottom bunk slip.

The disposition of a tort claim by a federal agency is a prerequisite to initiating an action in the district court. 28 U.S.C. § 2675. Section 2675(a) states:

> An action shall not be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . . The failure of an agency

11

>     to make final disposition of a claim within six months
>     after it is filed shall . . . be deemed a final denial of
>     the claim for purposes of this section.

28 U.S.C. § 2675(a). Failure to completely exhaust administrative remedies before filing an FTCA claim, however, is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. <u>McNeil v. United States</u>, 508 U.S. 106, 122 (1980).

Upon reviewing the record, the magistrate judge concluded that the plaintiff alleged the same Eighth Amendment violation in his administrative tort claim dated May 29, 2009.[3] The plaintiff completed a Standard Form 95, in which he provided the basis of his claim and demanded $10,000.00 in personal injury damages. The plaintiff's claim was properly filed with the appropriate federal agency. However, the plaintiff's administrative tort claim does not allege that the BOP staff was negligent in assigning him to a top bunk when he had received a slip for a bottom bunk. The magistrate judge stated that this negligence claim is separate and distinct from the claims raised in the plaintiff's administrative tort claim. Thus, the BOP was not on notice that the plaintiff sought damages for negligently placing him in a top bunk, which means that this claim is not exhausted and should be dismissed with prejudice.

The magistrate judge also noted that normally, claims that are not exhausted are dismissed without prejudice to the plaintiff's

---

[3] The plaintiff did not, however, raise the issue of the bottom bunk slip until he filed his responsive motion.

right to re-file those claims.  However, FTCA claims are subject to a statute of limitations.  See 28 U.S.C. § 2401 ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues.").  In this case, the plaintiff alleges that he fell on May 25, 2008.  The plaintiff cannot now raise the issue of negligence in the administrative remedy process because it is barred by the two-year statute of limitations.  For these reasons, this Court finds that the United States's motion to dismiss or, alternatively, motion for summary judgment must be granted.

V.  Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, the government's motion to dismiss or, alternatively, motion for summary judgment is hereby GRANTED.  It is further ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the plaintiff has failed to object, he has waived his right to seek appellate review of this

matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    October 4, 2010


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE